**E-Filed 7/5/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RAY SOWARDS, | Case Number C-03-3036-JF |
|                Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
|      v. | |
| CITY OF MILPITAS, et al., | |
|                Defendants. | [Doc. No. 40] |

      Defendants move for summary judgment on the basis of qualified immunity.  The Court has considered the briefing of the parties as well as the oral argument presented at the hearing on May 6, 2005.  For the reasons set forth below, the Court will grant the motion.

### I. BACKGROUND

      This action arises out of the arrest of Plaintiff Ray Sowards ("Sowards"), an attorney, for sexual assault and battery of a client, Myhoa Starr ("Starr").  Starr went to the Milpitas Police Department on July 2, 2001 and reported that Sowards had sexually assaulted her.  She provided a detailed written statement to Officer Lee, in which she stated that when she went to Sowards'

office to deliver some papers, Sowards forcibly kissed and fondled her, ripped open her blouse, pushed her against the wall and told her he had to "fuck her" and, when she escaped, told her that he would "fuck" her next time. Defendant Sergeant Ron Gordon ("Gordon") investigated the incident for more than one month, during which time he interviewed Starr several times. Starr provided Gordon with audiotapes of two telephone conversations Starr had with Sowards, in which Sowards apologized for being so rough but told Starr that she needed to get used to it and that he wanted to have sex with her. Star subsequently reported that she had seen Sowards again on August 9, 2001 but had evaded his advances.

On August 16, 2001, Gordon and two detectives went to Sowards' office and arrested him for sexual assault, sexual battery and false imprisonment. They took him to the police station, placed him in an interrogation room and Mirandized him. In a videotaped consensual interview, Sowards denied that he had assaulted or battered Starr and identified two office mates, Wendy Okada ("Okada") and Hoa Glassey ("Glassey"), as alibi witnesses. At some point during this interview, Glassey arrived at the police station and stated that she was Sowards' lawyer. Gordon went to greet her, told her that Sowards had identified her as a witness, and led her to another interview room where she provided a written statement. Gordon then took Glassey to Sowards' interview room and left them together after telling them that Glassey could not act as Sowards' lawyer because she was an alibi witness. Gordon videotaped the conversation between Sowards and Glassey.

On January 14, 2002, the Santa Clara County District Attorney's Office filed a misdemeanor complaint against Sowards for sexual battery. However, Starr subsequently refused to testify against Sowards, and the charges were dismissed on September 25, 2002. Sowards filed the instant action on June 20, 2003 in the Santa Clara Superior Court, asserting claims against Gordon and the City of Milpitas pursuant to 42 U.S.C. § 1983 for civil rights violations. Defendants removed the action to this Court on June 30, 2003 on the basis of federal question jurisdiction. Sowards' operative second amended complaint ("SAC") alleges claims for (1) violation of right to counsel, (2) unreasonable search and seizure and (3) violation of right to fair trial. Defendants assert that all of Sowards' claims are barred by the doctrine of qualified

1   immunity.[1]

2   ## II. LEGAL STANDARD

3         A motion for summary judgment should be granted if there is no genuine issue of

4   material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

5   56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears

6   the initial burden of informing the Court of the basis for the motion and identifying the portions

7   of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that

8   demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

9   317, 323 (1986).

10        If the moving party meets this initial burden, the burden shifts to the non-moving party to

11  present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

12  *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents

13  evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

14  party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49;

15  *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

16  ## III. DISCUSSION

17  **A.     Gordon**

18        A determination as to an officer's entitlement to qualified immunity involves a two-

19  pronged inquiry.  First, do the facts alleged, viewed in the light most favorable to the plaintiff,

20  show that the defendant's conduct violated a constitutional right?  *Saucier v. Katz*, 533 U.S. 194,

21

22        [1] Both the moving and responding papers devote significant argument to the issues of
    whether Gordon's arrest of Sowards was justified by probable cause and, alternatively, whether
23  Gordon is entitled to qualified immunity for claims arising out of the arrest.  While the SAC
    references Gordon's arrest of Sowards in the description of the events leading up to the alleged
24  constitutional violations, the SAC does *not* allege that Sowards' arrest was unlawful, and none of
    the three claims set forth in the SAC is based upon the arrest.  The Court therefore concludes that
25  Sowards has not fairly alleged a claim arising out of his arrest and declines to address the parties'
    arguments on this point.  The Court notes, however, that based upon the evidence in the record it
26  appears that Gordon would be entitled to qualified immunity with respect to any such claim
    given Starr's explicit statements regarding Sowards' conduct, photographic evidence of Starr's
27  injuries, and audiotapes of conversations between Sowards and Starr.

28

                                                3

201 (2001); *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002).  This first prong mirrors the substantive summary judgment inquiry on the merits of the constitutional claim.  *Sorrels*, 290 F.3d at 969.  Second, if the plaintiff has alleged a deprivation of a constitutional right, was that right clearly established?  *Saucier*, 533 U.S. at 201; *Sorrels*, 290 F.3d at 969.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202.  This inquiry is wholly objective; the defendant's subjective belief as to the lawfulness of his or her conduct is irrelevant.  *Sorrels*, 290 F.3d at 970.

The plaintiff bears the burden of showing that the right at issue was clearly established under the second prong of the qualified immunity analysis.  *Id*. at 969.  Obviously, the existence of binding precedent directly on point would suffice to meet this burden.  *Id*. at 970.  Absent binding precedent, the plaintiff may point to decisions of other circuit courts, district courts and state courts directly on point.  *Id*.  However, it is not necessary that the defendant's precise conduct have been held unconstitutional previously, so long as the unlawfulness of the conduct was apparent in light of preexisting law.  *Id*.  In other words, "[c]losely analogous preexisting case law is not required to show that a right was clearly established."  *Id*. (internal citation omitted).  The plaintiff need show only that the defendant's conduct "was such a far cry from what any reasonable ... official could have believed was legal" that the defendant knew or reasonably should have known he was breaking the law.  *Id*. at 971.  In more pragmatic terms, the question is whether the conduct at issue "passes the laugh test."  *Id*.  If so, the defendant is entitled to qualified immunity.  *Id*.

**1.     First Claim For Violation Of Right To Counsel**:

Sowards alleges that on August 16, 2001, the day he was arrested, Gordon deprived him of his "right to counsel" by stating that Glassey could not act as Sowards' attorney and by recording the conversation between Glassey and Sowards.  It is unclear whether this claim is asserted under the Fifth Amendment or under the Sixth Amendment.  The Sixth Amendment guarantees a criminal defendant the right to have the assistance of counsel for his defense. *United States v. Percy*, 250 F.3d 720, 725 (9th Cir. 2001).  That right does not attach at the time

of arrest, however; it attaches only upon the initiation of adversary judicial proceedings by way of formal charge, preliminary hearing, indictment, information, or arraignment. *United States v. Gouveia*, 467 U.S. 180, 188-90 (1984); *Percy*, 250 F.3d at 725. Because such proceedings had not yet been initiated, Gordon's alleged conduct on August 16, 2001 could not have constituted a violation of Sowards' Sixth Amendment right to counsel.

The Fifth Amendment's privilege against compelled self-incrimination has been interpreted to create a right to counsel during custodial interrogations. *Cooper v. Dupnik*, 963 F.2d 1220, 1240-41 (9th Cir. 1992) (citing *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). That right clearly attached at the time of Sowards' arrest. However, Sowards does not allege that he was denied the right to counsel during an interrogation.

Accordingly, the Court will grant the motion with respect to Sowards' claim that he was denied his right to counsel.

### 2.    Second Claim For Violation Of Right Against Unreasonable Search And Seizure

Sowards alleges that Gordon violated the Fourth Amendment by taping his conversation with Glassey. The Fourth Amendment prohibits governmental intrusions into areas "in which there is a constitutionally protected reasonable expectation of privacy." *United States v. Van Poyck*, 77 F.3d 285, 290 (9th Cir. 1996) (internal quotation marks and citations omitted). A "constitutionally protected reasonable expectation of privacy" exists if the defendant has an actual subjective expectation of privacy and society is prepared to recognize that expectation. *Id.* The government's recording of a defendant's conversation constitutes a violation of the Fourth Amendment if the defendant reasonably expected that conversation to be private. *Katz v. United States*, 389 U.S. 347, 354 (1967).

In the instant case, Sowards has alleged facts demonstrating a violation of the Fourth Amendment. "It is axiomatic that the attorney-client privilege confers upon the client an expectation of privacy in his or her confidential communications with the attorney." *DeMassa v. Nunez*, 770 F.2d 1505, 1506 (9th Cir. 1985). Glassey identified herself as Sowards' attorney and asked to consult with him in that role. Sowards thus had a legitimate expectation of privacy with

5

1   respect to his conversation with Glassey.

2        Defendants argue that because Gordon informed Sowards and Glassey that, in his

3   opinion, Glassey could not act as Sowards' lawyer, Sowards did not have a legitimate

4   expectation of privacy in the ensuing conversation.  Defendants have not cited, and the Court has

5   not discovered, any case suggesting that an arrestee must accept the subjective opinion of a

6   police officer as to whether the arrestee's chosen attorney properly can represent him, and thus

7   forego the legitimate expectation of privacy that otherwise would attach to an attorney-client

8   communication.  There is no indication in the record that Gordon informed Sowards that he was

9   going to tape record the conversation based upon his opinion that Glassey could not act as

10  Sowards' attorney.  Under these circumstances, the Court concludes as a matter of law that

11  Sowards had a legitimate expectation of privacy in his conversation with Glassey.

12       The Court notes that the state trial court granted Sowards' motion to suppress the

13  recording of the conversation on the ground that the recording violated the attorney-client

14  privilege.  Sowards argues that this ruling is *res judicata* to relitigation of whether the recording

15  violated his federal constitutional rights.  Defendants correctly assert that an evidentiary ruling

16  that particular evidence is inadmissible because of a violation of a state law privilege is not

17  dispositive of the federal constitutional question.  It has long been the rule in the Ninth Circuit

18  that "[s]tanding alone, the attorney-client privilege is merely a rule of evidence; it has not yet

19  been held a constitutional right."  *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir.1985).  The

20  Ninth Circuit recently suggested that there may be some question as to "whether the

21  attorney-client privilege has a constitutional dimension in the criminal context."  *Bittaker v.*

22  *Woodford*, 331 F.3d 715, 723 n.7 (9th Cir. 2003).  Unless and until this question is answered in

23  the affirmative, a state court's adjudication that the privilege applies to a particular conversation

24  cannot be dispositive of a federal constitutional claim based upon the government's recording of

25  that conversation.  However, as discussed above, the Court concludes that viewing the facts

26  alleged in the light most favorable to Sowards, and entirely apart from the legal determination by

27  the state court, Sowards has established a violation of his Fourth Amendment rights.

28       The Court nonetheless concludes that Gordon is entitled to summary judgment on the

6

basis of qualified immunity, because in the particular context of this case the right violated was not clearly established.  Sowards has not identified - and much to its surprise, the Court has been unable to locate - any authority clearly establishing that the government's recording of a conversation between an arrestee and his attorney constitutes an unreasonable *search and seizure*.[2]  Moreover, at least one district court has found qualified immunity on similar facts.  In *Riddick v. Baker*, 1997 WL 221133 (E.D. Pa. 1997), prison officials allegedly eavesdropped on the conversation of a prisoner and his visiting attorney through the use of an intercom system.  The court held that "qualified immunity shields the defendants from section 1983 liability because a prisoner does not have a 'clearly established' Fourth Amendment right to have his conversations with his attorney be free of governmental eavesdropping."  *Id.* at *2.  While *Riddick* addresses the rights of prisoners rather than arrestees, it is one of the very few decisions addressing the Fourth Amendment's application to the recording of attorney-client conversations and reasonably could be read to mean that there is no clearly established free-standing *Fourth Amendment* bar to recording such conversations.

The absence of a clearly established right is even more pronounced when Gordon's conviction that Glassey could not be acting as Sowards' attorney is taken into account.  Sowards has not provided and the Court was unable to find any authority addressing a situation in which an officer recorded a conversation between a suspect and an individual he considered to be a *witness* rather than the suspect's attorney.  Accordingly, even viewing the facts in the light most favorable to Sowards, the Court concludes that given the dearth of contrary authority, a reasonable officer in Gordon's position could have believed that his recording of the conversation between Sowards and Glassey in this rather unique factual context was lawful.  The Court therefore will grant Gordon's motion for summary judgment as to Sowards' claim that the recording constituted an unreasonable search and seizure.

---

[2] Obviously, it is clearly established that an intrusion into the attorney-client relationship violates a defendant's *Sixth Amendment* right to counsel if resulting prejudice can be demonstrated.  *See, e.g.*, *United States v. Hernandez*, 937 F.2d 1490, 1493 (9th Cir. 1991).  As discussed above, the Sixth Amendment right to counsel had not attached at the time of the incident in question.

1

       **3.**     **Third Claim For Violation Of Right To Fair Trial**

2

       Sowards alleges that he was deprived of his Sixth Amendment right to a fair trial by

3

Gordon's conduct in taping Sowards' conversation with Glassey and giving that tape to the

4

prosecutor.  It is difficult to discern how Sowards was denied a *fair* trial when the evidence of the

5

conversation was suppressed, the charges were dropped, and the case never went to trial at all.

6

Accordingly, the Court concludes that Gordon's alleged conduct does not constitute a violation

7

of the Sixth Amendment right to fair trial.

8

**B.**     **CITY OF MILPITAS**

9

       Sowards alleges that Gordon's alleged violations of his constitutional rights were

10

pursuant to the policies and practices of the City of Milpitas and Milpitas Police Department.

11

With respect to the one constitutional violation that may have occurred, violation of the Fourth

12

Amendment arising from the recording of the conversation between Sowards and Glassey, there

13

is no evidence that Gordon acted pursuant to any such policies or practices.  Accordingly, the

14

Court will grant the City's motion for summary judgment.

15

**IV. ORDER**

16

       Defendants' motion for summary judgment is GRANTED.

17

18

19

20

DATED:  7/5/05

21

                                 /s/ electronic signature authorized

22

                                 JEREMY FOGEL
                                 United States District Judge

23

24

25

26

27

28

Case No. C-03-3036-JF
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(JFLC2)

1    This Order was served on the following persons:

2

3    Alan M. Cohen      amc@meyersnave.com

4    Kimberly E. Colwell      kcolwell@meyersnave.com

5    Jeralyn Kay Spradlin      lawofficeofjks-dmf@sbcglobal.net

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C-03-3036-JF
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(JFLC2)